**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CATHERINE LYNN RICHMOND,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 3:25-CV-1129-MAB[1]** |
| | **)** | |
| **COMMISSIONER OF SOCIAL SECURITY,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court sua sponte for case management purposes.

Plaintiff Catherine Richmond filed this *pro se* lawsuit in May 2025 seeking judicial review of the Commissioner of Social Security's decision denying her application for benefits (*see* Doc. 3; Doc. 3-1). The Commissioner appeared through counsel (Docs. 8, 12), and filed the Administrative Record (Doc. 16), at which point the Court set a briefing schedule (Doc. 18). Plaintiff's opening brief was due on or around July 27, 2025 (*see* Doc. 18). The scheduling order instructed that "[t]he submission of a brief is mandatory, and the failure to submit a brief in the form provided . . . may result in appropriate sanctions by the Court." (Doc. 18).

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (*see* Doc. 22; *see also* Docs. 8, 9, 18).

Plaintiff did not file a brief by her deadline or at any point in the year that followed. And so the Court ordered Plaintiff to show cause, on or before August 3, 2026, why this case should not be dismissed for lack of prosecution (Doc. 21). To date, Plaintiff has not filed a response to the Order to Show Cause or made any effort to otherwise communicate with the Court. In fact, the Court has not heard from Plaintiff in any capacity since she initiated this case in May 2025 (Docs. 3–7).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)).

In this matter, Plaintiff is proceeding *pro se* and the Court is mindful of the difficulties she faces in doing so, especially in combination with the functional limitations imposed by her physical and mental impairments (*see, e.g.*, Doc. 16-2, pp. 47–64) (ALJ decision). But Plaintiff is nevertheless obligated to comply with Court Orders and deadlines and to communicate with the Court. Given Plaintiff's prolonged lack of substantive action in this case and her failure to communicate with the Court, Plaintiff has given the Court no other option but to dismiss the case.

Consequently, this matter is **DISMISSED** with prejudice pursuant to Rule 41(b)

for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 14, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he can appeal to the Seventh Circuit by filing a notice of appeal in the district court *within 30 days* of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). This deadline can be briefly extended upon a motion demonstrating excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff also has the option—prior to filing a notice of appeal—of filing a post-judgment motion under Rule 59(e) or Rule 60 asking the undersigned to reconsider the judgment. Any such motion, so long as it is in proper form and timely filed, will stop the clock for filing a notice of appeal until the district court has decided the motion. FED. R. APP. P. 4(a); *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015). To be "proper," the motion must state the grounds for relief from the adverse judgment. *Robinson*, 794 F.3d at 783.[2] To be timely, the motion must be filed within 28 days of the entry of judgment, and that deadline *cannot* be extended. FED. R. APP. P. 4(a)(4)(A)(iv), (vi); FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507 (2020). Once the motion is ruled on, the 30-day clock to file a notice of appeal will begin anew. *Banister*, 590 U.S. at 508 (citing FED. R. APP. P. 4(a)(4)(A)(iv)).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

---

[2] *Accord Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (motion will toll time to appeal so long as it contains an identifiable and substantive reason for reconsidering); *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (in order to toll time for filing notice of appeal, motion must comply with Rule 7.1(b)(1) and "state with particularity the grounds for seeking the order" and "the relief sought").